243446
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 3446 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| JEFFREY WYGODNY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants in part and denies in part Dart's motion to dismiss [39]. The Court dismisses the indemnification claim against Dart without prejudice, but declines to dismiss to *respondeat superior* claim. Dart's answer to the amended complaint is due by January 22, 2025. See Statement for further details.

## STATEMENT

Plaintiff Charles Nelson filed this suit *pro se* on April 29, 2024 and filed an amended complaint on April 3, 2025 after retaining counsel. Nelson alleges that, while he was in custody at Cook County Jail, an unnamed correctional officer ("C/O John Doe") deliberately and maliciously denied him medical care for stab wound injuries. He further alleges that, once he eventually did receive medical care, a team of anesthesiologists incorrectly administered his anesthesia. In addition to asserting federal and state law claims against these individual defendants, he brings indemnification and *respondeat superior* claims against Sheriff Thomas Dart and Cook County. Dart now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive

pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

Initially, Dart makes various arguments as to why the Court should dismiss Counts I–V against him. But as the complaint makes clear, Nelson is not asserting any of these counts against Dart. Doc. 22 at 5–6 (stating that Counts I and II are "against Defendant C/O John Doe"); *id.* at 6 (stating that Counts III, IV, and V are "against Defendants Jeffrey Wygodny, MD, Nicholas Dinko, MD, and Megan Sheehan CRNA"). Given that Nelson does not assert these claims against Dart, the Court need not address Dart's arguments on these issues. *See Horton v. Guzman*, No. 16 C 741, 2017 WL 1233028, at *5 n.5 (N.D. Ill. Apr. 4, 2017) (disregarding county's arguments as to claims not asserted against county).

Turning to Nelson's *respondeat superior* claim, Dart argues that the Court should dismiss this claim because it is "not asserted against Dart." Doc. 39 ("As this claim is not asserted against Dart, no response from him is required, and this count should also be dismissed as to him."). The Court does not agree. Taking the allegations together as a whole, the Court construes the amended complaint to be asserting a *respondeat superior* claim against Dart. Specifically, the amended complaint alleges that Dart employed C/O John Doe in his role as a correctional officer at Cook County Jail and expressly states that Dart "is liable" under Count VII. Doc. 22 ¶¶ 3–4, 64. Additionally, Nelson clarified during a hearing on July 1, 2025 that his intention "was to include Sherrif Dart for *respondeat superior*/indemnification purposes." Doc. 43 at 2:25–3:9. Given this, the Court will not dismiss on these grounds.

In his reply brief, Dart argues for the first time that (1) the Illinois Tort Immunity Act provides that Nelson cannot state a *respondeat superior* claim against him and (2) he cannot be held liable for "the actions of medical professionals employed by Cermak Health Services." Doc. 49 at 3–4. However, because Dart waited to raise these arguments for the first time on reply, he has waived them. *See United States v. Williams*, 85 F.4th 844, 849 (7th Cir. 2023) ("Just as undeveloped arguments are waived, so are arguments raised for the first time in reply briefs."); *White v. United States*, 8 F.4th 547, 552–53 (7th Cir. 2021) (holding that arguments raised for the first time in a reply brief are waived as they leave no chance for the other party to respond).

Even if this Court were to consider Dart's waived arguments, however, neither would change the outcome of the motion. First, Dart cites to three provisions of the Illinois Tort Immunity Act ("TIA"), arguing that they protect Dart from liability "for the conduct of correctional officers or retained as a nominal party where no wrongdoing by him is alleged." Doc. 49 at 3 (citing 745 Ill. Comp. Stat. 10/2-202 ("Section 2-202"); 745 Ill. Comp. Stat. 10/2-109 ("Section 2-109"); 745 Ill. Comp. Stat. 10/2-204 ("Section 2-204")). None of the cited statutory provisions support this, however. Starting with Section 2-204, the law is clear that this provision "does not abrogate *respondeat superior* liability" and instead simply "grants immunity to public employees sued in their personal capacity." *Jackson v. Dart*, No. 16 C 7568, 2017 WL 5293885, at *3 (N.D. Ill. Nov. 13, 2017). And Section 2-109 states that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 Ill. Comp. Stat. 10/2-202. However, because Nelson is not suing Dart in his personal capacity, the TIA treats Dart as a "local public

2

entity," rather than a "public employee." *Bergman v. Cook Cnty.*, No. 19-CV-6671, 2020 WL 5097075, at *3 (N.D. Ill. Aug. 28, 2020) (collecting cases). Thus, neither of these sections immunize Dart from liability in this case. The other cited provision fares no better. Section 2-202 states that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 Ill. Comp. Stat. 10/2-109. This simply means that Dart is not liable for C/O John Doe's denial of medical treatment to Nelson if C/O John Doe himself is not liable. The amended complaint sufficiently alleges that C/O John Doe is liable in this case, and Dart does not argue otherwise.

  As for Dart's second waived argument, the Court agrees that Dart is not the proper *respondeat superior* defendant with regards to any employee of Cermak Health Services. However, that does not mean that there is "no basis for keeping Dart in this case." Doc. 49 at 4. C/O John Doe is a correctional officer employed by Dart, and Dart is a proper *respondeat superior* defendant with regard to him. *See Brown v. Doody*, No. 1:08-CV-5711, 2010 WL 11712575, at *6 (N.D. Ill. July 23, 2010) (holding that Dart "is a proper party" because, under Illinois law, he "can be held liable via respondeat superior, for torts (including intentional torts) of correctional officers that are committed in the course of employment and in furtherance of the business of the employer") (collecting cases).

  Finally, with regard to Nelson's indemnification claim, Dart argues that the Court should dismiss this claim against him because it "is directed solely at Cook County, and not Sheriff Dart." Doc. 39 at 6. Specifically, Nelson alleges under Count VI that Cook County—not Dart—must indemnify its employees. Doc. 22 ¶¶ 61–62. At the same time, however, Nelson has previously represented that he seeks to hold Dart liable for indemnification. *See* Doc. 43 at 2:25–3:9 (representing that Dart is named for "*respondeat superior*/indemnification purposes"). Nelson does not respond to this argument, and the Court therefore grants the motion to dismiss the indemnification claim against Dart.

  The Court therefore grants Dart's motion to dismiss in part and dismisses the indemnification claim against him without prejudice. The Court denies the remainder of Dart's motion to dismiss.

Dated: January 7, 2026                /s/ Sara L. Ellis